**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC., | |
| *Plaintiff*, | Civil Action No. 6:20-cv-00804-ADA |
| v. | |
| GOOGLE LLC, | |
| *Defendant*. | |

<u>**DECLARATION OF EMILY H. CHEN IN SUPPORT OF GOOGLE LLC'S OPPOSED**</u>
<u>**MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**</u>

I, Emily H. Chen, declare under 28 U.S.C. § 1746:

1.      I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Desmarais LLP, counsel for Defendant Google LLC ("Google") in this action.  I make this declaration ("Declaration") in support of Google LLC's Opposed Motion to Transfer.  I have personal knowledge of the facts set forth herein, or I am informed and believe that they are true.  If called as a witness,  could and would testify competently as to these facts.

2.      In May 2017, in response to Express Mobile's assertion of the Asserted Patents against other parties, X.Commerce sued Express Mobile in NDCA, seeking declaratory judgment of noninfringement.  In response, Express Mobile alleged that X.Commerce infringed the Asserted Patents.  This case was assigned to the Honorable Richard Seeborg:

| Case | Case Filing Date | Active Judge |
|---|---|---|
| *X Commerce, Inc. d/b/a Magento, Inc. v. Express Mobile, Inc.*<br>3:17-cv-02605 (NDCA) | 5/5/2017 | Judge Seeborg |

3.       In February 2017, Express Mobile filed a case against BigCommerce, Inc.
("BigCommerce") in the U.S. District Court for the Eastern District of Texas ("EDTX"), asserting
the '397 and '168 patents.  *Express Mobile, Inc. v. BigCommerce, Inc.*, No. 2:17-cv-00160-JRG-
RSP (filed Feb. 27, 2017).  BigCommere moved to dismiss the action for improper venue.  *Express
Mobile, Inc. v. BigCommerce, Inc.*, No. 2:17-cv-00160-JRG-RSP, Dkt. No. 13 (Jun. 2, 2017).
While the motion to dismiss was pending, BigCommerce also moved to transfer the case to NDCA
pursuant to 28 U.S.C. § 1404(a).  *Express Mobile, Inc. v. BigCommerce, Inc.*, No. 2:17-cv-00160-
JRG-RSP, Dkt. No. 19 (Sep. 19, 2017).   The EDTX court denied BigCommerce's motion to
dismiss for improper venue.  *In re BigCommerce, Inc.*, 890 F.3d 978, 980 (Fed. Cir. 2018).  The
Federal Circuit granted BigCommerce's mandamus petition and vacated the EDTX court's order,
holding that, because BigCommerce maintained both its principal place of business and its
registered office in Austin, Texas, within WDTX, venue was proper under the "resides" prong of
§1400(b) only in WDTX, not EDTX.  *Id.* at 986.  On remand, instead of arguing that the court
should transfer the case to WDTX, Express Mobile agreed that the court should grant
BigCommerce's motion to transfer the action to NDCA.  *Express Mobile, Inc. v. BigCommerce,
Inc.*, No. 2:17-cv-00160-JRG-RSP, Dkt. No. 35 (May 29, 2018) (stipulation to transfer to NDCA).
Accordingly, the court granted BigCommerce's motion to transfer venue and transferred the case
from EDTX to NDCA, where it was assigned to Judge Richard Seeborg, who was already handling
another Express Mobile case involving the same patents.  *Express Mobile, Inc. v. BigCommerce,
Inc.*, No. 2:17-cv-00160-JRG-RSP, Dkt. No. 36 (May 29, 2018) (order transferring case from
EDTX to NDCA); *Express Mobile, Inc. v. BigCommerce, Inc.*, No. 3:18-cv-3287-SI, Dkt. No. 54
(Sep. 6, 2018) (notice of pendency of other actions involving same patents); *Express Mobile, Inc.*

*v. BigCommerce, Inc.*, No. 3:18-cv-3287-RS, Dkt. No. 55 (Sep. 7, 2018) (order reassigning case

to Judge Richard Seeborg).

| Case | Case Filing Date | Active Judge |
|---|---|---|
| *Express Mobile, Inc. v. BigCommerce, Inc.* 3:18-cv-03287 (NDCA); formerly 2:17-cv-00160-JRG-RSP (EDTX) | 2/27/2017 | Judge Seeborg |

       4.     In August 2018, Express Mobile filed 10 cases in NDCA, which were assigned to

the Honorable Richard Seeborg:

| Case | Case Filing Date | Active Judge |
|---|---|---|
| *Express Mobile, Inc. v. Blackstone Technology Group Inc.* 3:18-cv-04678 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Code and Theory LLC* 3:18-cv-04679 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Globant, SA et al* 3:18-cv-04681 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Happiest Minds Technologies Pvt. Ltd.* 3:18-cv-04683 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Huge, LLC* 3:18-cv-04687 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Pantheon Systems Inc.* 3:18-cv-04688 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Svitla Systems Inc.* 3:18-cv-04694 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. SoftVision Inc.* 3:18-cv-04693 (NDCA) | 8/3/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. Gaddis Partners, Ltd.d/b/a T3* 3:18-cv-05058 (NDCA) | 8/17/2018 | Judge Seeborg |
| *Express Mobile, Inc. v. The Stephenz Group Inc.* 3:18-cv-05061 (NDCA) | 8/17/2018 | Judge Seeborg |

       5.     In September 2018, the Honorable Richard Seeborg of NDCA construed eleven

terms of the '397 and '168 Asserted Patents.  *X.Commerce, Inc. v. Express Mobile, Inc.*, No. 17-

CV-02605-RS, 2018 WL 10704439 (N.D. Cal. Sept. 12, 2018).  In that case, Judge Seeborg also

received motions for summary judgment and to strike expert testimony in December 2020, and

scheduled trial for June 2021.  *See X.Commerce, Inc. v. Express Mobile, Inc.*, No. 17-CV-02605-

RS, Dkt. Nos. 201 et seq. (motions for summary judgment); Dkt No. 199 (scheduling trial).

6.      In January 2019, Judge Seeborg denied motions to dismiss in *Express Mobile, Inc.*

*v. Code & Theory LLC*, No. 18-CV-04679-RS, *Express Mobile, Inc. v. Pantheon Systems, Inc.*,

Case No. 18-cv-04688-RS, 2019 WL 477639 (N.D. Cal. Jan. 29, 2019), holding that the '397 and

'168 patents are not drawn only to abstract ideas, and are therefore eligible for protection under

Section 101 of the Patent Act.

7.      In June 2019, Express Mobile filed 8 additional cases in the Northern District of

California, which were assigned to the Honorable Richard Seeborg:

| Case | Case Filing Date | Active Judge |
|------|------------------|--------------|
| *Express Mobile, Inc. v. Contus Interactive, Inc.* 3:19-cv-03350 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. e-Zest Solutions, Inc.* 3:19-cv-03351 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. MH Sub I, LLC d/b/a Officite* 3:19-cv-03352 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. Phase2 Technology LLC* 3:19-cv-03353 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. R2I Holdings, LLC* 3:19-cv-03355 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. Rishabh Business Solutions, Inc.* 3:19-cv-03356 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. Rauxa Direct, LLC* 3:19-cv-03357 (NDCA) | 6/13/2019 | Judge Seeborg |
| *Express Mobile, Inc. v. Wix.com, Ltd. et al* 3:19-cv-06559 (NDCA) | 10/11/2019 | Judge Seeborg |

8.      In *Express Mobile, Inc. v. Wix.com, Ltd. et al*, 3:19-cv-06559 (NDCA), where

Express Mobile asserts the same five patents that are asserted in this case, Judge Seeborg has held

two case management conferences, received briefing on a motion to disqualify counsel, granted

Express Mobile's motion for leave to amend its complaint against Wix.com, and will hold a claim construction hearing in March 2021.  *See Express Mobile, Inc. v. Wix.com, Ltd. et al*, 3:19-cv-06559, Dkt Nos. 38, 70, 71 (NDCA).

9.      In 2020, Express Mobile filed 8 additional cases in the Northern District of California, which are all ongoing, and have been nearly all assigned to the Honorable Richard Seeborg (collectively "2020 NDCA Actions"):

| Case | Case Filing Date | Active Judge |
|------|------------------|--------------|
| *Express Mobile, Inc. v. Microsoft Corporation*<br>3:20-cv-06152 (NDCA) | 9/1/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. Adobe Inc. d/b/a Adobe Systems Inc. et al*<br>3:20-cv-08297 (NDCA) | 11/24/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. Oath Holdings Inc. f/k/a Yahoo!*<br>3:20-cv-08321 (NDCA) | 11/25/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. Pinterest, Inc.*<br>3:20-cv-08335 (NDCA) | 11/25/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. Amazon.com, Inc.*<br>3:20-cv-08339 (NDCA) | 11/25/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. Booking Holdings, Inc.*<br>3:20-cv-08491 (NDCA) | 12/1/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. SAP SE et al*<br>3:20-cv-08492 (NDCA) | 12/1/2020 | Judge Seeborg |
| *Express Mobile, Inc. v. Salesforce.com, Inc.*<br>3:20-cv-08461 (NDCA) | 12/1/2020 | Judge Orrick |

10.      Express Mobile has indicated that these cases are related to each other and to the earlier Express Mobile NDCA cases.  *See Express Mobile, Inc. v. SAP SE et al*, 3:20-cv-08492, Dkt. No. 4 (Dec. 1, 2020).

11.      In *Express Mobile, Inc. v. Microsoft Corporation*, 3:20-cv-06152 (NDCA), Judge Seeborg has already held a case management conference and set several deadlines, including a claim construction hearing in June 2021.  *See Express Mobile, Inc. v. Microsoft Corporation*, 3:20-cv-06152, Dkt. No. 50 (Dec. 3, 2020).

5

12.     Judge Seeborg has also scheduled case management conferences ("CMCs")  for the

NDCA Actions filed in November and December of 2020:

| Order Setting CMC Date | CMC Date |
|---|---|
| *Express Mobile, Inc. v. Adobe Inc. d/b/a Adobe Systems Inc. et al*, 3:20-cv-08297, Dkt. No. 9 (Nov. 25, 2020) | 2/25/2021 |
| *Express Mobile, Inc. v. Oath Holdings Inc. f/k/a Yahoo!*, 3:20-cv-08321, Dkt. No. 10 (Nov. 30, 2020) | 2/23/2021 |
| *Express Mobile, Inc. v. Pinterest, Inc.*, 3:20-cv-08335, Dkt. No. 9 (Nov. 30, 2020) | 2/25/2021 |
| *Express Mobile, Inc. v. Amazon.com, Inc.*, 3:20-cv-08339, Dkt. No. 5 (Nov. 27, 2020) | 3/2/2021 |
| *Express Mobile, Inc. v. Booking Holdings, Inc.*, 3:20-cv-08491, Dkt. No. 6 (Dec. 2, 2020) | 3/4/2021 |
| *Express Mobile, Inc. v. SAP SE et al*, 3:20-cv-08492, Dkt. No. 6  (Dec. 2, 2020) | 3/4/2021 |

13.     Judge Seeborg is currently presiding over nine of the ten active litigations in NDCA

involving Express Mobile and the Asserted Patents:

| Case | Active Judge |
|---|---|
| *X Commerce, Inc. d/b/a Magento, Inc. v. Express Mobile, Inc.*, 3:17-cv-02605 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Wix.com, Ltd. et al*, 3:19-cv-06559 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Microsoft Corporation*, 3:20-cv-06152 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Adobe Inc. d/b/a Adobe Systems Inc. et al*, 3:20-cv-08297 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Oath Holdings Inc. f/k/a Yahoo!*, 3:20-cv-08321 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Pinterest, Inc.*, 3:20-cv-08335 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Amazon.com, Inc.*, 3:20-cv-08339 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Booking Holdings, Inc.*, 3:20-cv-08491 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. SAP SE et al*, 3:20-cv-08492 (NDCA) | Judge Seeborg |
| *Express Mobile, Inc. v. Salesforce.com, Inc.*, 3:20-cv-08461 (NDCA) | Judge Orrick |

14.     Attached to the declaration as **Exhibit 1** is a true and correct copy of a report

generated in DocketNavigator showing the status of Express Mobile's Eastern District of Texas

cases.

15.     Attached to the declaration as **Exhibit 2** is a true and correct copy of Google's "Our offices" webpage retrieved from https://about.google/intl/en_us/locations/?region=north-america on January 25, 2021 showing Google's North America office locations.

16.     In a declaration dated June 16, 2017, Mr. Rempell, who is Express Mobile's founder and then-CEO, asserted that "Express Mobile has been an operating entity since 2007, developing both browser-based and native application publishing platforms." *Express Mobile, Inc. v. BigCommerce, Inc.*, No. 3:18-cv-03287-RS, Dkt. No. 14-1 (N.D. Cal. Apr. 2, 2018).

17.     In March 2018, Mr. Rempell contradicted the assertion in his declaration that Express Mobile remained "an operating entity" through June 2017—and, instead, acknowledged that Express Mobile ceased being an operating company *six years earlier, in 2011*.

> Q. But you're not currently an operating company?
> A. Not yet. Not now.
>
> Q. As a matter of fact *you ceased being an operating company* in the 2013 time frame?
> A. *Right after the accident.*
>
> Q. So prior to [the] accident --
> A. *The accident was 2011*, so things wound down after that.

Exhibit 3, March 29, 2018 Rempell Rough Tr. at 134:13-21 (emphasis added); *Express Mobile, Inc. v. BigCommerce, Inc.*, 3:18-cv-03287-RS, Dkt. No. 33 (N.D. Cal. Apr. 2, 2018).

18.     Indeed, Mr. Rempell expressly acknowledged in his deposition that, in "the time in which Express Mobile was an operating company, it didn't have an office in Texas." Exhibit 3, March 29, 2018 Rempell Rough Tr. at 138:15-18; *Express Mobile, Inc. v. BigCommerce, Inc.*, 3:18-cv-03287-RS, Dkt. No. 33 (N.D. Cal. Apr. 2, 2018). Mr. Rempell further testified that, during "the entire period in which Express Mobile was an operating company, it was headquartered in Northern California." *Id.* at 137:13-16.

19.     Attached to this Declaration as **Exhibit 4** is a true and correct copy of Express Mobile Inc.'s Application for Registration of a Foreign For-Profit Corporation, filed with the Office of the Secretary of State of Texas and dated March 31, 2015.

20.     Attached to this Declaration as **Exhibit 5** is a true and correct copy of Express Mobile Inc.'s Forfeiture pursuant to Section 171.309 of the Texas Tax Code, dated January 25, 2019.

21.     Attached to this Declaration as **Exhibit 6** is a true and correct copy of a webpage titled "About" from Express Mobile's website, which lists the address of Express Mobile in Novato, California (available at http://expressmo.com/about.html).  It also shows the following individuals are associated with Express Mobile: Steven H. Rempell (founder, CTO, and Director (Chairman) and founder and CEO of Akira Technologies), Jeff Samuelson (CEO and Director), Cheryl Kudelka (CFO), Don Fowler (Director), John Rizzo (Director), Michael R. Gonzalez (Director).

22.     Attached to this Declaration as **Exhibit 7** is a true and correct copy of a LinkedIn profile for Steven H. Rempell, retrieved from www.linkedin.com/in/steve-rempell-9635758 on December 15, 2020, which shows that he resides in Novato, California.

23.     Attached to this Declaration as **Exhibit 8** is a true and correct copy of a LinkedIn profile for Jeff Samuelson, retrieved from https://www.linkedin.com/in/jeff-samuelson-24aa5b77 on December 15, 2020, which shows that he is the Chief Executive Officer of Express Mobile in Novato, California.

24.     Attached to this Declaration as **Exhibit 9** is a true and correct copy of a LinkedIn profile for Cheryl Kudelka, retrieved from www.linkedin.com/in/cheryl-kudelka-92b6617 on December 15, 2020, which shows that she resides in Santa Clara, California.

25.      Attached to this Declaration as **Exhibit 10** is a true and correct copy of a LinkedIn profile for Don Fowler, retrieved from www.linkedin.com/in/don-fowler-11b587 on December 15, 2020, which shows that he is Executive Chairman of SemiPack Services Inc., based in Monterey, California.

26.      Attached to this Declaration as **Exhibit 11** is a true and correct copy of a LinkedIn profile for John Rizzo, retrieved from https://www.linkedin.com/in/rizzo on December 15, 2020, which shows that he resides in San Rafael, California.

27.      Attached to this Declaration as **Exhibit 12** is a true and correct copy of a LinkedIn profile for Michael R. Gonzalez, retrieved from https://www.linkedin.com/in/michael-r-gonzalez-8378454/ on December 29, 2020, which shows that he resides in Laguna Beach, California, and has been a member of the Board of Directors of Express Mobile since January 2015 to present, in Larkspur, California.

28.      Attached to this Declaration as **Exhibit 13** is a true and correct copy of a LinkedIn profile for Steven Vosen, retrieved from https://www.linkedin.com/in/steven-vosen-4b22805/ on December 29, 2020, which shows that he resides in Alameda, California.

29.      Attached to this Declaration as **Exhibit 14** is a true and correct copy of a LinkedIn profile for James Drapinski, retrieved from www.linkedin.com/in/james-drapinski-6762ab3 on December 13, 2020, which shows that he resides in Menlo Park and was a Patent Attorney at Coudert Brothers LLP from January 2000 to January 2005.

30.      Attached to this Declaration as **Exhibit 15** is a true and correct copy of a webpage called "In The News" from Express Mobile's website (available at http://expressmo.com/in-the-news.html).  It reflects a news release dated April 6, 2015, indicating that "Document Security

Systems, Inc. (NYSE MKT: DSS; "DSS") announced a sales and IP partnership with XPRESSMO

in November, 2013, and became a minority investor in XPRESSMO in 2014."  *Id.* at 1.

31.    Attached to this Declaration as **Exhibit 16** is a true and correct copy of the SEC

Form 10-K filing of DSS, dated March 31, 2020, reflecting that DSS has manufacturing facilities

in the San Francisco, California area.  *Id.* at 5, 18.

32.    Attached to this Declaration as **Exhibit 17** is a true and correct copy of  a DSS press

release dated November 26, 2013 and titled "Document Security Systems and Express Mobile

Enter Into Sales and IP Licensing Partnership."  (available at https://www.prnewswire.com/news-

releases/document-security-systems-and-express-mobile-enter-into-sales-and-ip-licensing-

partnership-233451601.html)  The press release announced that: "The [Express Mobile-DSS sales

and IP licensing] partnership grants DSS rights as the exclusive channel partner for Xpressmo's

Mobile Enterprise Application Platform in the anti-counterfeit and fraud detection market,

enabling DSS to integrate Xpressmo's technology into DSS's AuthentiSuite product line. DSS will

also receive a license to Xpressmo's pioneering patent portfolio, which relates to the development

of custom applications and websites. Xpressmo will receive a license to a portion of the DSS patent

portfolio as well as advisory and financial support from DSS Technology Management, which will

advise Xpressmo on patent licensing."  *Id.* at 1.

33.    Attached to this Declaration as **Exhibit 18** is a true and correct copy of the SEC

Form 10-K filing of DSS, dated November 13, 2014, reflecting that "In January and February

2014, DSS Technology Management made investments of $100,000 and $400,000, respectively,

to purchase an aggregate of 594,530 shares of common stock of Express Mobile, Inc. ("Express

Mobile"), which represented approximately 6% of the outstanding common stock of Express

Mobile at the time of investment."  *Id.* at 15.

34.      Attached to this Declaration as **Exhibit 19** is a true and correct copy of a press release from DSS, dated June 2, 2015, titled "Document Security Systems, Inc. Provides an Update on Recent Progress in its Businesses." (*available at* https://www.prnewswire.com/news-releases/document-security-systems-inc-provides-an-update-on-recent-progress-in-its-businesses-300091912.html.)    Under the heading "Recent Milestones in DSS's Technology Management Business," DSS announced that "in April 2015, [Express Mobile] announced the filing of a patent infringement lawsuit against the Alibaba Group ("Alibaba") in the United States District Court for the Eastern District of Texas. DSS is an investor in [Express Mobile]." *Id.* at 2.

35.      Steven H. Rempell of Novato, California; David Chrobak of Clayton, California; and Ken Brown of San Martin, California are each listed as co-inventors of the '755, '287, and '044 patents.  (Dkt. Nos. 32-6, 32-7, and 32-8.)

36.      Attached to this Declaration as **Exhibit 20** is a true and correct copy of a LinkedIn profile for Ken Brown, which shows that he resides in the San Francisco Bay Area, California, and was the VP Product Development at Express Mobile from March 2005 through March 2011.

37.      Attached to this Declaration as **Exhibit 21** is a true and correct copy of a LinkedIn profile for David Chrobak, retrieved from www.linkedin.com/in/david-chrobak-3577682 on December 15, 2020, which shows that he resides in Clayton, California, and was the Lead Software Engineer at Express Mobile from October 2007 through August 2008.

38.       Attached to this Declaration as **Exhibit 22** is a true and correct copy of the declaration of Steve H. Rempell in support of Express Mobile's opposition to Web.com Group, Inc.'s motion to transfer venue, executed February 20, 2020.  *Express Mobile, Inc. v. Web.com Group, Inc.*, No. 3:20-cv-00839-BJD-JBT, Dkt. No. 23-1 (M.D. Fl. Feb. 20, 2020).

39.     Mr. Rempell declared that he is the majority owner of Express Mobile and, as of February 20, 2020, was the Chief Executive Officer of Express Mobile.  *Id.*, Ex. 22, ¶ 2.

40.     Mr. Rempell declared that Express Mobile is located in Novato, California.  *Id.* ¶ 3.

41.     Mr. Rempell declared that he resided in Novato, California.  *Id.* ¶ 7.

42.     Mr. Rempell declared that "Due to my age and a prior accident[,] long distance travel is difficult for me.  Travel to Delaware for any depositions and proceedings in the above-referenced litigation would be difficult but would be more convenient than traveling to Jacksonville, Florida."  *Id.* ¶ 8.

43.     Mr. Rempell declared that he was "the only employee of Express Mobile."  *Id.* ¶ 9.

44.     Mr. Rempell declared that "[t]here are numerous third-party witnesses with knowledge relevant to this matter . . . . For example, David Chrobak and Ken Brown, the co-inventors of the '755 patent, the '287 patent and the '044 patent, have knowledge regarding the patents and technology at issue. To the best of my knowledge, David Chrobak and Ken Brown currently reside in California. Similarly, Steven Vosen, the prosecuting attorney of the Patents-in-Suit, currently resides in California."  *Id.* ¶ 10.

45.     Mr. Rempell declared that "[i]n addition, Directors and Board Members of Express Mobile, John Rizzo, Jeff Samuelson, Michael Gonzalez and Don Fowler, have knowledge about Express Mobile business operations. . . . John Rizzo, Michael Gonzalez and Don Fowler currently reside in California.  Jeff Samuelson currently resides in New York."  *Id.* ¶ 11.

46.     Mr. Rempell declared that "Express Mobile's documents and evidence relating to design, prototypes and development are located [in] California."  *Id.* ¶ 13.

47.     Akira Technologies, Inc. is the assignee on the face of the '168 Patent. (*See* Dkt. No. 32-2.)

48.     Attached as **Exhibit 23** is a true and correct copy of the assignment abstract for the '397 Patent, retrieved from https://assignment.uspto.gov/patent/index.html#/patent/search/resultAbstract?id=6546397&type=patNum on January 25, 2021.

49.     Attached as **Exhibit 24** is a true and correct copy of data from DocketNavigator, which indicates that the median time to trial over the last thirteen years in patent cases, from January 1, 2008 to January 20, 2021, is approximately 31.1 months in the Western District of Texas.

50.     Attached as **Exhibit 25** is a true and correct copy of data from DocketNavigator, which indicates that the median time to trial over the last thirteen years in patent cases, from January 1, 2008 to January 20, 2021, is approximately 28.3 months in the Northern District of California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this declaration on January 25, 2021, in Houston, Texas.

By:    _____
        Emily H. Chen