**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC., *Plaintiff*, v. GOOGLE LLC, *Defendant*. | Civil Action No. 6:20-cv-00804-ADA |

**DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF ITS TRANSFER MOTION**

Defendant Google LLC ("Google") respectfully requests a brief stay of all proceedings pending resolution of its transfer motion. As explained in Google's transfer motion, the facts in this case compellingly demonstrate that the Northern District of California ("NDCA") is much more convenient for both Plaintiff and Google. *See* Dkt. No. 35 (filed Jan. 25, 2021). A stay would promote efficiency and judicial economy by addressing the threshold issue of venue before the parties and the Court expend significant resources on substantive aspects of the case.

"In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Neodron Ltd. v. Dell Techs.*, No. 1-19-cv-00819, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (Pitman, J.).) Here, all relevant legal factors favor the stay.

### 1.     A Stay Will Not Prejudice Plaintiff.

Plaintiff will not suffer any prejudice. Google's proposed stay is limited to the time required for briefing and resolution of the transfer motion. Plaintiff does not compete with Google on the market, and it does not seek injunctive relief. (Dkt. No. 32 ¶¶ 149-156.) Accordingly, Plaintiff will not suffer any prejudice because it can be remedied by money damages for the stay period if the patents are found valid and infringed. *See, e.g., Uniloc 2017 v. LG Elecs. U.S.A.*, No. 3:1-cv-03071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) (granting stay where parties were not direct competitors).

Additionally, Plaintiff would not be prejudiced because the case is in its infancy. Plaintiff has not requested any discovery. The Court set a trial date just one business day ago, and asked the parties to jointly propose a scheduling order by February 26, 2021. Discovery has not yet opened, the *Markman* hearing will not take place until August 3, 2021, and the estimated trial date is September 12, 2022.

Finally, as set forth in Google's transfer motion, Plaintiff would suffer no prejudice because it previously asserted the same patents in the NDCA. *X.Commerce, Inc. v. Express Mobile, Inc.*, No. 3:17-cv-02605-RS (NDCA); *Express Mobile, Inc. v. Code & Theory LLC*, No. 3:18-cv-04679-RS (NDCA); *Express Mobile, Inc. v. Pantheon Sys., Inc.*, No. 3:18-cv-04688-RS (NDCA); *Express Mobile, Inc. v. Wix.com, Ltd. et al.*, No. 3:19-cv-06559-RS (NDCA). Indeed, Plaintiff is headquartered in the NDCA, which is also where the named inventor of the patents-in-suit (who is also the founder, current CTO, and former CEO of the plaintiff), Steven Rempell, is located. Google's witnesses, Google's relevant sources of proof, and other relevant third-party witnesses are also mostly located in California, with none in Texas. Also, a stay would not prejudice Plaintiff because this case is in its infancy.

### 2. Google Will Suffer Hardship Absent A Stay.

Google will suffer unnecessary hardship from spending resources on *Markman* proceedings and claim-construction-related discovery (which will begin around April 2021), and preliminary invalidity contentions (which will be due around April 2021). Furthermore, invalidity contentions and claim construction would likely differ under the rules of another district and judge. For example, for claim construction, this Court presumptively limits the number of terms, whereas NDCA has no such limit. *Compare* Albright Order Governing Proceedings—Patent Case Version 3.2 at 4, *with* NDCA Patent L.R. 4. As another example, this Court requires preliminary invalidity contentions seven weeks after the case management conference, whereas in NDCA, they are not due until 59 days after the initial case management conference. *Compare* Albright Order Governing Proceedings—Patent Case Version 3.2 at 2, *with* NDCA Patent L.R. 3-3.

### 3. A Stay Pending Resolution Of The Transfer Motion Will Conserve Judicial Resources.

A stay will conserve judicial resources by avoiding the time-intensive tasks of a *Markman* hearing and claim construction order. Indeed, conducting such proceedings in this District would be duplicative because the NDCA court previously conducted claim construction proceedings and construed the terms. *X.Commerce, Inc. v. Express Mobile, Inc.*, No. 3:17-cv-02605-RS, 2018 WL 10704439 (N.D. Cal. Sept. 12, 2018). There is no reason for this Court to duplicate that effort if the case will be transferred to the NDCA.

Accordingly, all relevant factors favor a stay. For at least these reasons, Google's pending transfer motion should take priority, and Google respectfully requests a short stay pending a decision on it.

Dated: January 25, 2021 | Respectfully submitted,

*/s/ Ameet A. Modi*

MANN, TINDEL, THOMPSON

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
Telephone: 903-657-8540
Facsimile: 903-657-6003

DESMARAIS LLP

Ameet A. Modi (*pro hac vice*)
Emily H. Chen (*pro hac vice*)
101 California Street
San Francisco, California 94111
T: (415) 573-1900
F: (415) 573-1901
amodi@desmaraisllp.com
echen@desmaraisllp.com

Karim Z. Oussayef (*pro hac vice*)
230 Park Avenue
New York, New York 10169
T: (212) 351-3400
F: (212) 351-3401
koussayef@desmaraisllp.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Defendant, Google LLC, conferred with counsel for Plaintiff, Express Mobile, Inc. on January 22, 2021 in a good-faith effort to resolve the matter presented herein and counsel for Plaintiff stated that it opposed the motion.

>  */s/ Ameet A. Modi*
>  Ameet A. Modi

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via CM/ECF on January 25, 2021. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing this document, pursuant to L.R. CV-5.2 on January 25, 2021.

>  */s/ Ameet A. Modi*
>  Ameet A. Modi