**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC.,<br><br>                  *Plaintiff*,<br><br>   v.<br><br>GOOGLE LLC,<br><br>                  *Defendant*. | Civil Action No. 6:20-cv-00804-ADA |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING RESOLUTION OF ITS TRANSFER MOTION**

Defendant Google LLC ("Google") respectfully requests a brief stay of all proceedings pending resolution of its transfer motion to the Northern District of California ("NDCA"). (Dkt. No. 37.) A stay is appropriate given (1) the early stage of the case and the short period of the requested stay, (2) the hardship suffered by Google as a result of conducting proceedings in jurisdictions governed by different procedural rules, and (3) the waste of judicial resources resulting from conducting duplicative proceedings.

**1.    A Stay Will Not Prejudice Express Mobile.**

Express Mobile would not suffer prejudice from a stay because the case is still in its early stages. Numerous cases have found that an early stage of litigation favors a stay. *See, e.g.*, *VirtualAgility v. Salesforce.com,* 759 F.3d 1307, 1315-17 (Fed. Cir. 2014) (reversing E.D. Tex. order denying stay and finding that the "early stage" of litigation "heavily favors a stay"); *Kilbourne v. Apple*, No. H-17-3283, 2018 WL 3954864, at *4 (S.D. Tex. Jul. 27, 2018) (granting stay pending transfer motion and finding that "the early stage of the litigation favors transfer"); *Nichia Corp. v. Mary Elle Fashions*, No. 2:16-cv-615-JRG, 2016 WL 9558954, at *2 (E.D. Tex.

Dec. 22, 2016) (granting stay when "the early stage of this case favors a stay," even when "a trial date has been set"). General discovery is stayed until after the *Markman* hearing, the *Markman* hearing will not take place for another five months (August 3, 2021), and the expected trial date is September 12, 2022. Only a brief stay would be required to resolve the transfer motion, which itself would not be prejudicial to Express Mobile. The early stage of the case makes such a stay even less prejudicial.

Express Mobile supports its opposition with cases quite distinct from this case. (*See* Dkt. No. 42 at 2). *Kahn v. General Motors Corp.* involved a "potential lengthy and indefinite stay" pending resolution of an "issue involving different parties." 889 F.2d 1078, 1080 (Fed. Cir. 1989). Here, in contrast, only a brief stay would be required to resolve the transfer motion, which involves the same parties. *MiMedx Grp. v. Tissue Transplant Tech.* involved parties that were "direct competitors." No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). Google and Express Mobile do not compete with each other, so Express Mobile would not be prejudiced in the same manner. Express Mobile cites *Allvoice Developments US, LLC v. Microsoft Corp.* to argue a stay could "risk[] loss of evidence as witnesses become unavailable and memories fade." No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010). That case, however, involved a stay that "would likely delay [the] case several years," while this case would require a substantially shorter stay. *Id.* Express Mobile's arguments for prejudice are unconvincing in light of the circumstances of their cited authority.

### 2. Google Will Suffer Hardship Absent A Stay.

Express Mobile has not rebutted Google's arguments that demonstrate clear hardship absent a stay. Rather than "assum[ing] the success of" the transfer motion, Google has demonstrated in its opening and reply transfer briefs that the facts here present a compelling case

for transfer—both parties are headquartered in NDCA with no meaningful connection to WDTX, and no relevant factors favor WDTX. (*See* Dkt. Nos. 35 and 50.) As established in Google's opening brief, Google will suffer hardship from spending resources on *Markman* proceedings and claim-construction-related discovery and preliminary invalidity contentions. (Dkt. No. 37 at 3.) While Express Mobile argues that early discovery work will be relevant regardless of venue, it ignores the fact that claim construction is governed by substantively different rules in NDCA. *See id.* ("this Court presumptively limits the number of terms, whereas NDCA has no such limit"). Going ahead with such proceedings in this Court with the motion to transfer pending clearly presents hardship to Google.

Express Mobile confuses the legal standard governing a motion to transfer when it mentions Google's employees in Austin. Express Mobile argues that Google has conducted "extensive business operations in this District." (*See* Dkt. No. 46 at 3.) However, conducting "extensive business operations" does not preclude a party from succeeding in a motion to transfer; Google must demonstrate—and has demonstrated—that the transferee venue is "clearly more convenient" in order to succeed in its transfer motion. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Express Mobile speciously cites 83 Google employees in its transfer opposition to show Google's "extensive business operations," (*see* Dkt. No. 43 at 13), but, as Google demonstrates in its reply, none of those employees are relevant to this case, *see* Dkt. No. 50 at 2. Instead, Google identified actual relevant witnesses and sources of proof in NDCA, which makes NDCA a "clearly more convenient" venue. (*See* Dkt. No. 36 (Golueke Decl.) ¶ 5; Dkt. No. 35 at 3-6.) As demonstrated above, Google will suffer hardship absent a stay, and the existence of Google employees irrelevant to this case does not counter this.

### 3. A Stay Pending Resolution Of The Transfer Motion Will Conserve Judicial Resources.

A stay in this case will conserve judicial resources. A stay would allow this Court to avoid conducting a duplicative *Markman* hearing and issuing a claim construction order, tasks that have been previously conducted in NDCA. *X.Commerce, Inc. v. Express Mobile, Inc.*, No. 3:17-cv-02605-RS, 2018 WL 10704439 (N.D. Cal. Sept. 12, 2018). Express Mobile argues that "Google is putting the cart in front of the horse" by "assum[ing]" the merits of the transfer motion. (*See* Dkt. No. 45 at 5.) Express Mobile undercuts this argument, however, by assuming the failure of the transfer motion. (*See id.* at 1 ("[T]he stay would only serve to delay resolution of the issues before this Court . . ."), at 5 ("A stay would only punt these issues to a later juncture in this case and would not conserve judicial resources.").) If this Court conducts a *Markman* hearing or issues a claim construction order and then later transfers the case, it would have wasted substantial judicial resources it could have avoided with a stay.

Accordingly, all relevant factors favor a stay. For at least these reasons, Google's pending transfer motion should take priority, and Google respectfully requests a short stay pending a decision on it.

Dated: March 1, 2021

Respectfully submitted,

/s/ Ameet A. Modi

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654

     Telephone: 903-657-8540
     Facsimile: 903-657-6003

     DESMARAIS LLP

     Ameet A. Modi (*pro hac vice*)
     Emily H. Chen (*pro hac vice*)
     101 California Street
     San Francisco, California 94111
     T: (415) 573-1900
     F: (415) 573-1901
     amodi@desmaraisllp.com
     echen@desmaraisllp.com

     Karim Z. Oussayef (*pro hac vice*)
     230 Park Avenue
     New York, New York 10169
     T: (212) 351-3400
     F: (212) 351-3401
     koussayef@desmaraisllp.com

     *Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via CM/ECF on March 1, 2021. I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing this document, pursuant to L.R. CV-5.2 on March 1, 2021.

             */s/ Ameet A. Modi*
             Ameet A. Modi